**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RUSSELL J. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05 C 3066 |
| | ) |
| JAMES A. GORDON; MACH 1, LLC; | ) |
| and JOHN URTIS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Plaintiff Russell Bryant alleged that publisher James Gordon and Mach 1, LLC, infringed Bryant's copyright of plaintiff Russell Bryant in a photograph of a team of military parachutists and that Gordon and Mach 1, LLC, along with photographer John Urtis, infringed Bryant's copyright in a photograph of a military sniper team. Bryant prevailed against Gordon and Mach 1, LLC on all of his claims against them, but Urtis prevailed on Bryant's claim against him. The case is currently before the Court on a variety of post-trial matters.

**Background**

The Court begins with a short summary of the claims for contextual purposes. Bryant submitted his parachutist and sniper photographs to Mach 1, Inc., which published and sold them but later went into bankruptcy. Gordon and/or Mach 1, LLC purchased some of the published images via a court-sponsored bankruptcy sale and posted the images on the Mach 1, LLC website and offered them for sale. They eventually ran short on items to sell and decided to obtain another sniper photograph. Urtis took a large number of photographs of snipers, and

Gordon and Mach 1 selected one of them for publication and sale.

In the early stages of the case, Urtis defended himself without counsel. Just before trial, Urtis retained the lawyers who had been representing Gordon and Mach 1, LLC. Defense counsel tried the case on behalf of all three defendants.

The verdict form presented to the jury identified three distinct claims: a claim against Gordon and Mach 1, LLC regarding copying of the parachutist photo onto a computer server and displaying it on a website; a claim against Gordon and Mach 1, LLC regarding copying of the sniper photo onto a computer server and displaying it on a website; and a separate claim against Gordon, Mach 1, LLC and Urtis regarding copying of the sniper photo. The jury returned a verdict in Bryant's favor and against defendants Gordon and Mach 1, LLC on all three claims, but against Bryant and in favor of Urtis on the third claim, the only claim against Urtis.

## Discussion

**1.    Gordon / Mach 1, LLC motion for judgment as a matter of law**

After trial, Gordon and Mach 1 moved for entry of judgment as a matter of law (JMOL) or for a new trial on the third claim. The exclusive basis they cited for this relief was the alleged inconsistency in the jury's verdict in favor of Urtis but against Gordon and Mach 1, LLC on that claim. Gordon and Mach 1, LLC argued that due to the verdict in Urtis' favor, the Court should enter judgment in favor of Gordon and Mach 1, LLC on the sniper photograph claim or alternatively should grant them a new trial on that claim.

When Gordon and Mach 1, LLC's motion was presented, the Court raised a concern regarding the possibility that the motion might give rise to a conflict of interest on the part of counsel. Several weeks later, defendants amended their motion. They advised the Court in

writing that Gordon and Mach 1, LLC were no longer seeking a new trial on the sniper photograph claim but were seeking only JMOL based on the alleged inconsistency of the verdicts. After the motion was fully briefed, the Court held a hearing at which it pointed out that defendants had not cited any authority for the proposition that inconsistency of verdicts in a civil case was a basis for entry of JMOL and gave them an additional opportunity to do so. The matter is now fully briefed.

The Court denies defendants' motion. As this Court has previously stated,

> [a] court cannot grant [judgment as a matter of law] in order to harmonize jury verdicts that appear to point in opposite directions. *See, e.g., Mosely v. Wilson,* 102 F.3d 85, 90 (3d Cir. 1996). If it appears that the jury returned inconsistent verdicts, the Court must first do its best to reconcile the verdicts on some theory consistent with the evidence. *Gallick v. Baltimore & Ohio R.R.,* 372 U.S. 108, 119 (1963); *Cantellops v. Alvaro-Chapel,* 234 F.3d 741, 744 (1st Cir. 2000); *Ward v. City of San Jose,* 967 F.2d 280, 286 (9th Cir. 1992). If we cannot do so, however, it is improper to take the verdict favorable to one party and assume it is the "right" one, as [defendant] has asked us to do. *Will v. Comprehensive Accounting Corp.,* 776 F.2d 665, 677 (7th Cir. 1985). Rather, the appropriate remedy is a new trial on all claims. *Gordon v. Degelmann,* 28 F.3d 295, 298-99 (7th Cir. 1994).

*Deloughery v. City of Chicago,* No. 02 C 2722, 2004 WL 1125897, at *2 (N.D. Ill. May 20, 2004) (internal quotation marks omitted), *aff'd,* 422 F.2d 611 (7th Cir. 2005).

Gordon and Mach 1, LLC have provided nothing that persuades the Court that its analysis in the *Deloughery* case was incorrect. They cite only two cases, neither of which is on point. In *City of Los Angeles v. Heller,* 475 U.S. 796 (1986), the Supreme Court concluded that the entry of judgment in favor of several police officers accused of excessive force required entry of judgment in favor of their employer, which was accused in what amounted to a vicarious or derivative capacity. The present case did not involve any claim, or even any hint, that Gordon and Mach 1, LLC's liability was in the least bit derivative of that of Gordon, or vice-versa. In

*Amer. Cas. Co. of Reading, Pa. v. B. Ciancolo, Inc.,* 987 F.2d 1302 (7th Cir. 1993), also cited by Gordon and Mach 1, LLC, the court simply noted that if verdicts are inconsistent *and* one is unsupported by the evidence, a court may set aside the unsupported verdict. *Id.* at 1305-06. That in no way supports entry of JMOL in Gordon and Mach 1, LLC's favor on the simple ground of alleged inconsistency. In fact, the court in *Amer. Cas.* reaffirmed the general rule that "there is no priority among inconsistent verdicts - the judge may not assume that the first answer is the 'authentic' one with which later answers must be reconciled." *Id.* at 1305.

If Gordon and Mach 1, LLC are seeking JMOL on the ground that the evidence was insufficient to permit a reasonable jury to find against them on the sniper photo claim (it is by no means clear that they are seeking JMOL on this basis), the Court rejects that request as well. First, as Bryant has pointed out, defendants forfeited their right to seek JMOL on this basis by failing to move for JMOL on this ground at trial. *See* Fed. R. Civ. P. 50(b); *Zelinski v. Columbia 300 Inc.,* 335 F.3d 633, 638 (7th Cir. 2003); *McCarty v. Pheasant Run, Inc.,* 826 F.2d 1554, 1555-56 (7th Cir. 1987). Second, the jury's verdict against Gordon and Mach 1, LLC was amply supported by the evidence. Among other possibilities, the jury reasonably could have found that Bryant owned a copyright in the sniper photograph and that these defendants set out to recreate the photo that Mach 1, Inc. had been selling because Bryant would not grant the defendants the right to do so; they selected from among the photos Urtis took one that closely matched the original elements of Bryant's photo; and in doing so, they copied protected expression in Bryant's photograph, causing him damage.

For these reasons, the Court denies the motion of Gordon and Mach 1, LLC for judgment as a matter of law, amended judgment or for a new trial.

### 2. Bryant's motion for an injunction

Bryant has moved for entry of an injunction barring all three of the defendants and persons acting in concert with them from selling infringing photographs, and he requests entry of an order impounding any remaining copies of infringing articles held by the defendants or persons acting in concert with them. All defendants have objected on various grounds.

Urtis argues that because he prevailed on Bryant's claim against him, entry of injunctive relief is improper. The Court agrees. There is no basis upon which the Court may disregard the jury's verdict in Urtis' favor, which is what the Court would have to do to enter an injunction against him. The jury's finding that Bryant failed to prove that Urtis infringed his copyright is binding on the Court with regard to the request for an injunction. *See* U.S. Const., amend. VII ("[N]o fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."). *Cf. Beacon Theatres, Inc. v. Westover,* 359 U.S. 500 (1959) (in case with both claims at both law and equity in which jury has been demanded, claims at law generally must be tried first to preserve constitutional right to jury trial due to possible preclusive effect of prior decision on equitable claims). The Court's authority in this regard is limited to its ability to grant a new trial if it is shown that the jury's verdict cannot be supported or to grant JMOL if no reasonable jury could have found against the losing party. *See, e.g., Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1443 (10th Cir. 1988); *cf. Houseman v. U.S. Aviation Underwriters,* 171 F.3d 1117, 1126 (7th Cir. 1999) (if case is bifurcated into separate trials, Seventh Amendment precludes multiple juries from reexamining same factual issue). Bryant could have moved for a new trial or for JMOL on the claim against Urtis, but he chose not to do so.

For these reasons, the Court denies Bryant's request to issue an injunction or impoundment order against Urtis. *See also, Société Civile Succession Richard Guino v. Int'l Foundation for Anticancer Drug Discovery,* 460 F. Supp. 2d 1105, 1110 (D. Ariz. 2006) (remedy of impoundment under Copyright Act is limited to infringers). The Court cautions Urtis, however, that the injunction against Gordon and Mach 1, LLC will also operate against persons acting in concert with them, or under their direction, control, permission, or authority, and that circumstances might hereafter exist in which he could be claimed, in this regard, to have violated the injunction. In addition, the claim against Urtis at trial was based on the facts that he took the photograph and gave Bryant and/or Mach 1, LLC the right to sell it. Were Urtis to attempt to sell or market the photograph on his own, or to make further copies, it is at least possible that he would subject himself to a new suit by Bryant that conceivably might not be barred by the judgment in the present case. The Court urges Urtis to seek competent legal advice before taking any steps to copy, sell, or reproduce any allegedly infringing photos.

The Court rejects the objections of Gordon and Mach 1, LLC to Bryant's request for a permanent injunction barring them from further infringement and directing the impoundment of all infringing articles. With regard to the request for an injunction, there is a sufficient basis to find a threat of continuing violations in the future, as these defendants still have the ability to reproduce and attempt to sell the infringing photographs. With regard to the request for impoundment, the Court sees no basis for the suggestion that Bryant will somehow misuse the items in question. The Court also rejects defendants' request that the items be given to a third party, as that would pose the risk of compounding the harm to Bryant from the infringement found by the jury.

Bryant's counsel is directed to provide the Court with an electronic version of a new draft injunction order, excluding paragraph 2 of the current draft and the reference to Urtis in paragraph 9, and clarifying all other paragraphs to refer not to "Defendants" but rather to Gordon and Mach 1, LLC. The order should be submitted in conformity with the instructions for draft orders on the Court's web page.

**3.      Motions for attorney's fees and costs**

The final matters before the Court are Bryant's request for an award of attorney's fees and costs against Gordon and Mach 1, LLC, and Urtis' request for an award of expenses against Bryant. Under the Copyright Act, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Under this provision, prevailing plaintiffs and prevailing defendants are treated identically. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 522 (1994). The Court rejects Bryant's contention that Urtis cannot seek fees under this provision because there can be only one prevailing party in the case. The fact is that Bryant prevailed against some defendants but lost against others. The Court sees nothing in section 505 or the cases interpreting it that would permit Bryant's request to legally trump that of Urtis.

Section 505 does not specify a standard for determining whether to award fees in a given case. The Supreme Court has stated that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion" and that "'[t]here is no precise rule or formula for making these determinations,' but . . . equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* at 534 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436-37 (1983)). These considerations, the Court has suggested, include "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the

7

case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir. 1986)).

With this standard in mind, the Court denies both Bryant's and Urtis' requests for attorney's fees, as well as Urtis' request to recover income he claims he lost in defending the case. (Urtis cannot recover his alleged lost income as "costs" under Federal Rule of Civil Procedure 54(d)(1) or 28 U.S.C. § 1920 and thus may recover it, if at all, only under section 505's provision enabling shifting of attorney's fees.)

Neither Gordon and Mach 1, LLC's defense of Bryant's claims, nor Bryant's pursuit of his claim against Urtis, was in the least bit frivolous, nor in the Court's view did any party to the case have any motivation other than to assert claims and defenses in good faith. The case had to be tried because the facts and the inferences to be drawn from them were genuinely disputed. Having observed the trial, the Court cannot say that these disputes were illegitimate on either side. Nor did any party take a factually or legally unreasonable position on any significant issue. Finally, given Bryant's decision to opt for statutory damages due, presumably, to the small amount of actual damages incurred and/or the difficulty of proving his actual losses, the Court cannot say that the need for deterrence of copyright infringement calls for an award of attorney's fees in his favor.

Bryant is, however, entitled to an award of costs in the amount of $3,197.35 under Rule 54(d)(1) and section 1920 against Gordon and Mach 1, LLC. Gordon and Mach 1, LLC have stated that they "do not challenge plaintiff's calculation" of that amount. *See* Defs. Mach 1, LLC and Gordon's Opp. to Pl.'s Mot. for Attorney's Fees (etc.) at 3.

Urtis is likewise entitled to recover costs from Bryant to the extent they are permitted by Rule 54(d)(1) and section 1920. Urtis was, as indicated earlier, the prevailing party on Bryant's only claim against him, and Bryant has offered no authority that supports denying costs on the ground that he prevailed on claims against other defendants. The Court also finds that Urtis' bill of costs was timely pursuant to Local Rule 54.1. The bill of costs was not, however, adequately supported in various respects. With the exception of the expense of obtaining a copy of Bryant's deposition transcript, which Urtis needed to seek summary judgment, the amount he requests for "printing" cannot readily be linked to any of the amounts, subtotals, or totals included in the supporting attachments to the bill of costs. Because a party seeking costs bears the burden of showing the Court the basis for the award, the Court denies Urtis' request for costs except for the expense of obtaining a copy of Bryant's deposition transcript, $598.85.

## Conclusion

For the reasons stated above, the Court denies Gordon and Mach 1, LLC's motion for judgment as a matter of law (etc.) and Urtis' motion for costs and attorney's fees [docket nos. 146 & 148]. The Court grants Bryant's motion for injunctive relief as to Gordon and Mach 1, LLC but otherwise denies the motion and also denies Bryant's motion for attorney's fees [docket no. 144]. The Court taxes costs in favor of Bryant and against Gordon and Mach 1, LLC in the amount of $3,197.35, and in favor of Urtis and against Bryant in the amount of $598.85. Bryant's counsel is directed to submit a proposed injunction and impoundment order as described on pages 6-7 of this decision by no later than September 7, 2007. The case is set for a status

earing regarding the form of the proposed order on September 11, 2007 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 30, 2007